IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| MARGARITA ERALES-RIVAS,       § | | |
|     Plaintiff,       § | | |
| v.       § | | CIVIL ACTION NO. 7:15-cv-00539 |
|            § | | |
| AMERICA'S SERVICING COMPANY,       § | | |
|     Defendant.       § | | |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

### I.   INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, America's Servicing Company, a division of Wells Fargo Bank, N.A. ("Defendant"), files its Motion to Dismiss and Brief in Support, and respectfully shows the Court as follows:

Plaintiff, Margarita Erales-Rivas ("Plaintiff"), filed this meritless lawsuit to delay the foreclosure of the real property located at 4008 Ulex Avenue, McAllen, Texas (the "Property"). In her pleadings, Plaintiff asserts unsubstantiated, baseless, conclusory allegations against Defendant. Plaintiff does not assert a cause of action against Defendant. Plaintiff does not deny having missed payments on her mortgage. Nevertheless, Plaintiff seeks injunctive relief against Defendant. Plaintiff's allegations fail as a matter of law, however, and this lawsuit should be dismissed with prejudice.

### II.   FACTUAL BACKGROUND[1]

Plaintiff alleges that she obtained financing for the Property.[2] Plaintiff defaulted on the mortgage, causing Defendant to institute foreclosure proceedings.[3]

---

[1] Although the allegations in Plaintiff's pleadings must be taken as true for purposes of this Motion to Dismiss, Defendant reserves the right to challenge such allegations at the appropriate time.

The foreclosure sale scheduled for December 1, 2015, did not go forward after the State Court issued a Temporary Restraining Order on Plaintiff's Original Petition to Set Aside or Prevent Forfeiture of Property and Application for Restraining Order, Temporary Injunction Against Enforcing Forfeiture (the "TRO"). *See* Doc. 1 at Exhibit D.[4]

Plaintiff does not assert a cause of action. Plaintiff seeks injunctive relief. Petition at ¶¶ V, VII, VIII.

### III.  ARGUMENT

#### A.  LEGAL STANDARD

Plaintiff's suit should be dismissed because it cannot withstand scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of her entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (" 'naked assertions' devoid of 'further factual enhancement,' " along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the

---

[2] *See* Plaintiff's Original Petition to Set Aside or Prevent Forfeiture of Property and Application for Restraining Order, Temporary Injunction Against Enforcing Forfeiture Order (the "Petition") at ¶ IV (Doc. 1 at Exhibit C).
[3] Plaintiff does not contest that she defaulted in making payments on her mortgage. *See id.*
[4] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant requests that the Court take judicial notice of the TRO. *See* Fed. R. Evid. 201(b).

presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal,* 556 U.S. at 678.  It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief."  FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678.  A court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory.  *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc*., 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

**B.   PLAINTIFF FAILS TO ASSERT A CAUSE OF ACTION**

Plaintiff does not state a cause of action.  *See generally* Petition.  Plaintiff's bare bones, conclusory allegations are not entitled to the presumption of truth.  *See Blackburn*, 42 F.3d at 931.  The suit should be dismissed with prejudice.

**C.   PLAINTIFF DOES NOT, AND CANNOT, STATE A CLAIM FOR BREACH OF CONTRACT**

To prevail on a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Sport Supply Grp., Inc. v. Columbia Cas. Co*., 335 F.3d 453, 465 (5th Cir. 2003);

*see Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Winston Acquisition Corp. v. Blue Valley Apts., Inc.,* 436 S.W.3d 423, 429 (Tex. App.—Dallas 2014, no pet.). Plaintiff does not, and cannot, allege that she performed under the mortgage by complying with her payment obligations. *See generally* Petition. Plaintiff does not claim to have complied with her payment obligations and does not contest that she was in default under the loan, triggering the foreclosure remedy. As a result, Plaintiff is precluded from maintaining a breach of contract claim, and this suit should be dismissed. *See Williams v. Wells Fargo Bank, N.A.,* 560 Fed. Appx. 233, 238 (5th Cir. 2014) (holding that where plaintiffs were delinquent on their loan payments, dismissal of their breach of contract claim was proper).

In addition, Plaintiff fails to identify any contractual provisions that allegedly were breached by Defendant. Accordingly, Plaintiff has failed to allege a breach of contract by Defendant, as required under Texas law. *See, e.g., Sport Supply Grp.,* 335 F.3d at 465.

Plaintiff's attempt to suggest waiver to support her suit also fails because waiver cannot be leveled against a defendant to establish a cause of action or create liability with respect to affirmative claims. *See Thomas v. Compass Bank,* No. 01-01-00467-CV, 2002 WL 1340333, at *5 (Tex. App. – Houston [1st Dist.] June 20, 2002, no pet.). The theory of waiver is "defensive in nature" and does not create independent causes of action or "operate to create liability where it does not otherwise exist." *Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex. 1988), *cited by Kern v. GE Capital Info. Tech. Solutions,* No. 3:01CV2109-P, 2003 WL 22433817, at *8 (N.D. Tex. Feb. 19, 2003).

In sum, Plaintiff's suit should be dismissed.

**D.     PLAINTIFF HAS NO CAUSE OF ACTION FOR WRONGFUL FORECLOSURE**

Plaintiff makes unsubstantiated complaints about Defendant's conduct related to the attempted foreclosure. Petition at ¶ IV.

Even if Plaintiff does state a cause of action for wrongful foreclosure, which she does not, such claim would fail as a matter of law. To the extent Plaintiff attempts to assert a wrongful foreclosure claim, this claim fails as a matter of law because it is undisputed that there has been no foreclosure. *See generally* Petition; *see also* TRO entered by the State Court. Borrowers that remain in possession of a property, like Plaintiff, are precluded from recovering damages under a wrongful foreclosure claim. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013) (citing *Peoples v. BAC Home Loan Servicing, L.P.*, No. 4:10-CV489-A, 2011 WL 1107211, *4 (N.D. Tex. Mar. 25, 2011) (holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure)); *Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05181, 2012 WL 3527924, *8 (S.D. Tex. Aug. 13, 2012); *Buchanan v. U.S. Bank N.A.*, No. H-13-3525, 2013 WL 6890003, at *2 (S.D. Tex. Dec. 31, 2013) (recognizing that a mortgage holder in possession of the property cannot state a claim for wrongful foreclosure); *Lucas v. Ocwen Home Loan Servicing*, 3:13-CV-1057-G BH, 2013 WL 6620856, at *17 (N.D. Tex. Dec. 16, 2013) ("Moreover, her statement that he remains in possession of the Property [] is fatal to any wrongful foreclosure action, since recovery for wrongful foreclosure 'is based on the mortgagor's [lost] possession.'" (citations omitted)); *Munoz v. HSBC Bank USA, N.A.*, No. H-12-0894, 2013 WL 265982, at *12 (S.D. Tex. Jan. 22, 2013) ("To bring a claim for wrongful foreclosure under Texas law, Texas Property Code § 51.002 requires that the mortgagor must have lost possession of her home." (citations omitted)).[5]

---

[5] *See also Denley v. Vericrest Fin., Inc.*, No. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012) ("Not only must a foreclosure sale occur in order to maintain a valid cause of action under the Texas Property Code, but the mortgagor must have lost possession of the home."); *Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05181, 2012 WL 3527924, *8 (S.D. Tex. Aug. 13, 2012); *Smith v. Nat'l City Mortg.*, USA, No. A-09-CV-881 LY, 2010 WL 3338537, at *13 (W.D. Tex. Aug. 23, 2010); *Smith v. J.P. Morgan Chase Bank N.A*, No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2010 WL 1026968, at *2-3 (E.D. Tex. Feb. 16, 2010); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009).

Moreover, Texas law is clear that to set aside, cancel, and rescind a foreclosure sale, a borrower is required to tender, not just offer, the full amount due under the note. *Hill v. Wells Fargo Bank, N.A.*, Civil Action No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied)). A foreclosure sale has not occurred here, and therefore no cause of action exists for wrongful foreclosure. In any event, Plaintiff fails to tender the full amount due under her note.

Plaintiff's allegations about Defendant's conduct related to the attempted foreclosure, even if construed as a wrongful foreclosure claim, fail as a matter of law. The lawsuit should be dismissed with prejudice.

Additionally, Texas law does not recognize a cause of action for an attempted wrongful foreclosure. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Mortberg v. Litton Loan Servicing, LP*, No. 4:10-CV-668, 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009); *Marsh v. Wells Fargo Bank, NA*, No. 3:10-cv-1283-M, 2011 WL 180031, at *5-6 (N.D. Tex. Jan. 19, 2011); *Peoples v. BAC Home Loans Servicing, LP*, No. 4:10–CV–489–A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).

Accordingly, even if Plaintiff's allegations are construed as a wrongful foreclosure claim, such claim fails as a matter of law and should be dismissed with prejudice.

A wrongful foreclosure claim here also fails as a matter of law because Plaintiff cannot demonstrate that the Property sold for a grossly inadequate price, which is a required element to state a wrongful foreclosure claim. This is because no foreclosure sale occurred, as Plaintiff obtained a TRO precluding the December 1, 2015 foreclosure sale of the Property. *See, e.g., Biggers*, 767 F. Supp. 2d at 729; *Mortberg*, 2011 WL 4431946, at *6; *Baker*, 2009 WL 1810336,

at *4; *Marsh*, 2011 WL 180031, at *5-6; *Peoples*, 2011 WL 1107211, at *4. As a result, Plaintiff cannot establish that a causal connection between any purported defects and a grossly inadequate selling price exists in this case. Therefore, a wrongful foreclosure claim fails as a matter of law and should be dismissed with prejudice.

E.  **THE REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DENIED**

Plaintiff requests injunctive relief. Petition at ¶¶ V, VII, VIII. Among other things, to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits." *Anderson v. CitiMortgage*, No. 4:10-CV-398, 2011 WL 1113494, at *7 (E.D. Tex. Mar. 24, 2011).

Because she has not asserted any viable claims in this lawsuit as a matter of law, Plaintiff cannot show a substantial likelihood of success on the merits. Therefore, Plaintiff is not entitled to any injunctive relief, and such request should be denied.

F.  **DISMISSAL WITH PREJUDICE IS APPROPRIATE**

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile"). As demonstrated herein, Plaintiff's claims fail as a matter of law, and as a result,

allowing her to file an amended pleading would be futile. Therefore, the Court should dismiss this lawsuit with prejudice.

## IV. CONCLUSION AND PRAYER

WHEREFORE, Defendant respectfully requests that the Court grant this Motion to Dismiss and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss Plaintiff's suit as a matter of law, with prejudice. Defendant further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Respectfully submitted,

/s/ Vincent J. Hess
**Robert T. Mowrey**
 State Bar No. 14607500
 rmowrey@lockelord.com
**Vincent J. Hess**
 State Bar No. 09549417
 vhess@lockelord.com
**Jason L. Sanders**
 State Bar No. 24037428
 jsanders@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via the Court's CM/ECF system and/or facsimile and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 22nd day of February, 2016:

      Florencio Lopez
      222 East University Drive
      Edinburg, Texas 78539
      flobasi@yahoo.com

      /s/ Vincent J. Hess
      Counsel for Defendant