Case 7:15-cv-00539 Document 18 Filed in TXSD on 09/07/16 Page 1 of 8
United States District Court
Southern District of Texas
**ENTERED**
September 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARGARITA ERALES-RIVAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:15-CV-539 |
| § | |
| AMERICA'S SERVICING COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] filed by America's Servicing Company, a division of Wells Fargo Bank, N.A. ("Defendant"). Pursuant to the local rules,[2] a response to the motion was due from Margarita Erales-Rivas by March 14, 2016. On March 22, 2016, the Court held a show cause hearing for Plaintiff's counsel, Mr. Florencio Lopez, regarding his failures to comply with multiple court orders. At the hearing, the Court authorized, orally, leave to Plaintiff to file a response to the then-pending motion to dismiss.[3] However, Plaintiff never filed a response. Instead, Plaintiff filed what appears to be an amended petition.[4]

After considering the motion and relevant authorities, the Court **GRANTS** the motion to dismiss.

---

[1] Dkt. No. 9.
[2] Local Rule 7.3 of *Local Rules of the United States District Court for the Southern District of Texas.*
[3] *See* Minute Entry March 22, 2016.
[4] *See* Dkt. No. 14, entitled Plaintiff's Original Petition and Request for Injunctive Relief.

## I. Background

### A. Procedural

On or about May 2006, Plaintiff obtained financing for real property in Hidalgo County located at 4008 Ulex Avenue, McAllen, Texas ("Property").[5] Plaintiff defaulted by failing to make payments in the amount required by the financing agreement and by the scheduled payment dates.[6] Despite Plaintiff's failure to strictly comply with the agreement, Defendant accepted late payments.[7] Defendant then initiated foreclosure proceedings.

On November 30, 2015, Plaintiff filed her original petition ("Petition") in state court broadly asserting Defendant wrongfully foreclosed on the Property and requesting injunctive relief.[8] Plaintiff claimed the foreclosure was wrongful because (1) Defendant accepted late payments from Plaintiff in the past, thus waiving strict compliance; (2) Defendant did not give proper notice of the foreclosure to Plaintiff, as required under law; (3) the foreclosure action constituted an impermissible forfeiture action because it exceeded the scope of foreclosure proceedings; (4) Defendant's actions amounted to an unreasonable taking; (5) Defendant's foreclosure action was beyond the jurisdiction and scope of the state court initially overseeing the case; (6) Defendant's foreclosure was pre-mature, untimely, and illegal; and (7) Defendant's foreclosure action caused Plaintiff stress, anxiety and the loss of home.[9]

The foreclosure sale did not go forward as the presiding state court judge granted a temporary restraining order in favor of Plaintiff on December 1, 2015.[10] On December 16, 2015, Defendant removed the case to this Court on the basis of diversity jurisdiction.[11]

---

[5] Dkt. No. 1, Exh. C ("Petition") at ¶ IV.
[6] *Id.*
[7] *See id.*
[8] Dkt. No. 1, Exh. H.
[9] Petition at ¶ IV.
[10] Dkt. No. 1, Exh. D.
[11] Dkt. No. 1 at ¶¶ 9–17.

B. *Instant Motion*

On February 22, 2016, Defendant filed its motion to dismiss.[12] In the instant motion, Defendant argues that (1) Plaintiff fails to state *any* cause of action; (2) Plaintiff does not, and cannot, state a claim for breach of contract; and (3) Plaintiff has no cause of action for wrongful foreclosure as a matter of law.[13] Thus, Defendant requests the Court to deny Plaintiff's request for injunctive relief,[14] and to dismiss this lawsuit with prejudice as an amended pleading in this matter would be futile.[15] As noted, Plaintiff failed to respond properly to Defendant's motion; thus, pursuant to Local Rule 7.4 of the *Local Rules of the United States District Court for the Southern District of Texas*, the Court will construe Plaintiff's non-responsiveness as a representation of no opposition.

However, in light of the fact that Plaintiff filed an amended complaint, albeit without leave, the Court will consider whether Plaintiff should be granted leave to amend. The Court has discretion in deciding whether to grant leave to amend, and considers numerous factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[16] In determining futility, the Court applies the legal sufficiency standard for Rule 12(b)(6).[17] "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf,

---

[12] Dkt. No. 11. The Court notes that Defendant has failed to comply with the Federal Rules of Civil Procedure with regard to the instant filings. Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." Defendant's motion lacks numbered paragraphs, hindering the Court's reference to its arguments. Defendant is cautioned that future submissions should consistently number each paragraph to properly comply with the Rules.
[13] *Id.* at pp. 3–7.
[14] *Id.* at p. 7.
[15] *Id.*
[16] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[17] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

the complaint states any valid claim for relief."[18] Plaintiff failed to take advantage of the previous opportunity to respond to Defendant's motion, and granting leave to amend is futile because even in the amended complaint, Plaintiff has failed to plead any plausible claim for relief. Therefore, the Court proceeds to consider the motion to dismiss.

## II.     12(b)(6) Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss Plaintiff's complaint if it fails to state a claim upon which relief can be granted.[19] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[20] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[21] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[22] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[23]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[24] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[25] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[26] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the

---

[18] *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).
[19] FED. R. CIV. P. 12(b)(6).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008)(internal quotations omitted).
[21] *Twombly*, 550 U.S. at 555.
[22] *Id.*
[23] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[24] 556 U.S. 662 (2009).
[25] *See id.* at 678-679.
[26] *See id.* at 679-680.

necessary claims or elements."[27] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[28]

Courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" when evaluating a motion to dismiss,[29] as well as matters of which judicial notice may be taken.[30] The documents the Court relies on here are Plaintiff's Petition, Defendant's motion to dismiss, and the orders of the state court.

Finally, in the instant case, this Court's jurisdiction is invoked on the basis of diversity of citizenship.[31] Consequently, this Court must adhere to grounds of relief authorized by the state law of Texas.[32] Thus, if Plaintiff fails to allege sufficient facts to support the legal conclusion, or fails to allege a viable cause of action in state law, the Court will dismiss the complaint.

### III. Discussion

As an initial matter, the Court notes that Plaintiff's Petition fails to allege a single cause of action. In her petition, Plaintiff recites at least seven reasons why Defendant was wrong to initiate foreclosure proceedings. Yet, Plaintiff fails to plead any of these reasons into even a single cause of action, and presents her reasons perfunctory, in one paragraph.[33] Plaintiff's

---

[27] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)(quoting *Twombly*, 550 U.S. at 556).
[28] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014).
[29] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir.2010)(citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000)). *See also Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir.2011).
[30] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)(citing Fed.R.Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.")).
[31] *See* Dkt. No. 1 at ¶¶ 9–17.
[32] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[33] *See* Petition at ¶ IV.

petition makes it clear that she cannot assert a breach of contract claim because her default is not at issue; for example Plaintiff admits she was late on the note payments for nearly the life of the note. Although Plaintiff alleges Defendant waived the right to demand timely payments, waiver is not a cause of action.[34]

Furthermore, to the extent the recitation of facts in the Petition can be construed to allege a cause of action for wrongful foreclosure, the Court finds that such an allegation would be rooted in a fundamental misunderstanding of Texas law. Under Texas law, a claim for wrongful foreclosure must satisfy the following elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.[35] Plaintiff's petition does not survive this motion to dismiss because it in no way addresses any of the elements of the claim.

Furthermore, Plaintiff remains in possession of the Property as the foreclosure sale never occurred.[36] As a matter of law, Plaintiff's continued possession of the property precludes her claim for wrongful foreclosure. "Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure."[37] Accordingly, Plaintiff's allegation of wrongful foreclosure is **DISMISSED WITH PREJUDICE.**

---

[34] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).
[35] *See Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App.-Houston [14th Dist.] 1989, writ denied).
[36] Dkt. No. 1, Exhs. D–E.
[37] *George–Baunchand v. Wells Fargo Home Mortg., Inc.,* Civ. A. No. H–10–3828, 2011 WL 2551127, at *3 (S.D.Tex. June 27, 2011); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)("Recovery [in an action for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

### a. Injunctive Relief

Plaintiff requests a temporary restraining order and a temporary injunction.[38] However, the Fifth Circuit has cautioned that injunctive relief "is an extraordinary equitable remedy"[39] and should only be granted if the plaintiff can establish:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[40]

Defendant moves to dismiss Plaintiff's request for injunctive relief on the grounds that Plaintiff has failed to plead any plausible claim for relief.[41] The Court agrees with Defendant's argument. Plaintiff's Petition contains not even one enumerated cause of action. To the extent Plaintiff even made a wrongful foreclosure claim, the Court finds that given the dismissal of this claim, Plaintiff will not be able to show a substantial likelihood of success on the merits, as there is no underlying cause of action here.[42] Thus, Plaintiff's request for injunctive relief cannot survive. Accordingly, the Court **DENIES** Plaintiff's requested relief.

## IV. Holding

The Court **GRANTS** Defendant's motion to dismiss. For the foregoing reasons, the Court has **DISMISSED** Plaintiff's wrongful foreclosure claim **WITH PREJUDICE**. Accordingly, the Court **DENIES** Plaintiff's requested injunctive relief. Having **DISMISSED** Plaintiff's Petition in its entirety, the Clerk of the Court is instructed to close the case. A final judgment will issue separately.

---

[38] *See* Petition at ¶ V; ¶ VIII.
[39] *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).
[40] *Id.*
[41] Dkt. No. 9 at p. 7.
[42] *See Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

IT IS SO ORDERED.

*DONE at McAllen, Texas, this 7th day of September, 2016.*

                                                                  Micaela Alvarez
                                                                  United States District Judge